## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JIMMIE V. OWENS,

   Defendant.

**Criminal No. 04-143-01 (CKK)**

### MEMORANDUM OPINION
(April 29, 2013)

Presently before the Court are two *pro se* motions filed by Defendant Jimmie V. Owens seeking a reduction of his sentence for unlawful possession with intent to distribute 50 grams or more of cocaine base, pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court the Defendant is not eligible for a reduced sentence. Accordingly, the Defendant's [42] and [49-1] Motions for Reduction of Sentence are DENIED.

### I. BACKGROUND

#### A.    *Defendant's Indictment, Plea, & Sentence*

The Defendant was charged by indictment with two counts of unlawful distribution of 50 grams or more of cocaine base, or crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), one count of unlawful distribution of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 860(a), one count of unlawful distribution of 50 grams or more of cocaine base and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 18 U.S.C. § 2, one count of unlawful distribution of cocaine base within 1000 feet of a school and

---

[1] Def.'s Mot., ECF No. [42]; Gov't's Notice of Filing, ECF No. [49]; Gov't's Opp'n, ECF No. [50].

aiding and abetting, in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2, one count of using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1), and one count of unlawful possession of a firearm and ammunition by a person convicted of crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).   The Defendant pled guilty to two counts: (1) unlawful possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii); and (2) using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).   The parties stipulated in the plea agreement that the relevant conduct involved 373.5 grams of cocaine base.   As a career offender pursuant to section 4B1.1(a) of the United States Sentencing Guidelines and with a criminal history category of VI, the Presentence Investigation Report (without objection from the Defendant) indicated the Defendant faced a sentencing guidelines range of 322 to 387 months, including the 60 month consecutive mandatory minimum sentence for the firearm offense.   Pursuant to the plea agreement, on February 15, 2005, the Defendant was sentenced to an agreed term of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) of 120 months incarceration for the possession with intent to distribute offense, and 60 months incarceration for the firearm offense, to be served concurrently.

B.      *Revisions to the Crack Cocaine Sentences*

On November 1, 2007, the United States Sentencing Commission reduced the offense level generally applicable to crack cocaine offenses by two levels, and made the amendment retroactive effective March 3, 2008.   U.S.S.G. App. C, amends. 706, 713.   Effective August 3, 2010, the Fair Sentencing Act increased the amount of crack cocaine necessary to trigger various mandatory minimum sentences.   *See* 21 U.S.C. § 841(b)(1)(A)(iii) (increasing the threshold

quantity to trigger a ten-year mandatory minimum from 50 grams to 280 grams of crack cocaine). The Sentencing Commission subsequently revised the sentencing guidelines to account for the revised threshold quantities. U.S.S.G. App. C, amend. 750.

    *C.*    *Defendant's Motions*

On March 18, 2008, the Special Proceedings Section of the United States Attorney's Office received a copy of a motion by the Defendant seeking a reduction of his sentence in light of the November 1, 2007 amendment to the crack cocaine guidelines. *See* ECF No. [49-1]. The docket indicates the Court did not receive the motion until the United States filed a notice on the docket. Gov't's Notice, ECF No. [49]. The Defendant also now moves for a reduction pursuant to the Fair Sentencing Act and related amendment to the Sentencing Guidelines.

## II.  DISCUSSION

Section 3582(c) of Title 18 of the United States Code provides that the Court may modify a term of imprisonment once imposed under three circumstances: (1) upon motion by the Director of the Bureau of Prisons; (2) to the expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) where the applicable sentencing guideline range has been retroactively lowered by the Sentencing Commission. Only the third scenario is at issue in this case, 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The threshold requirement for a reduced sentence under this section is that the Defendant's sentenced be *based on* a guidelines range that has subsequently been lowered. Although the Defendant pled guilty to a crack cocaine offense, his sentence was not based on the crack

cocaine guidelines that were later lowered by the Sentencing Commission.

"To determine the offense level for a career offender" like the Defendant,

> the Guidelines require the court to first calculate an offense level without reference to the career-offender provisions. *See* U.S.S.G. § 4B1.1(b). Then the court determines a career-offender offense level, which is based solely on the statutory maximum prison term for the offense of conviction. *Id.* The career-offender offense level governs if it is greater than the offense level calculated without reference to the career-offender provision. *Id.* This system implements Congress's directive that, for career offenders, "the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized." 28 U.S.C. § 994(h); *see* U.S.S.G. § 4B1.1 cmt. background.

*United States v. Berry*, 618 F.3d 13, 15 (D.C. Cir. 2010). "Because Amendment 706 only reduced offense levels based on drug quantities, it had no impact on sentencing ranges determined by the career-offender guideline, which are a function of the statutory maximum penalty for the offense of conviction." *Id.* Therefore, "crack-cocaine offenders sentenced to a term of imprisonment within a career-offender range cannot rely on Amendment 706 to obtain a sentence reduction under § 3582(c)(2)." *Id.*

At the time the Defendant was sentenced, 373.5 grams of crack cocaine resulted in a base offense level of 34. With the three point reduction for acceptance of responsibility, the adjusted offense level would be 31, resulting in a guidelines range of 188-235 months incarceration. However, as set forth in the Presentence Investigation Report, the Defendant was subject to a base offense level of 37 under the career offender guidelines. Thus, with the three point reduction, the Defendant's offense level was 34, resulting in a guidelines range of 262-327 months, or 322 to 387 months including the consecutive mandatory minimum term for the firearm count. Because neither the 2007 amendment nor the Fair Sentencing Act/2010 amendment to the sentencing guidelines lowered the career offender guidelines that determined the Defendant's applicable guideline range, he is ineligible for a sentence reduction under section 3582(c)(2). *See Berry*, 618 F.3d at 18.

### III.  CONCLUSION

For the foregoing reasons, the Court finds the Defendant's sentence was not based on a guidelines range subsequently lowered by the Sentencing Commission, thus the Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).   Accordingly, the Defendant's [42] and [49-1] Motions for Reduction of Sentence are DENIED.   An appropriate Order accompanies this Memorandum Opinion.

_____*/s/*_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE